IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONE JARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 3279 |
| | ) | |
| MCDOWELL TRUCKING, INC., and | ) | |
| RONALD BULANDA, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
TO BAR EVIDENCE OF PLAINTIFF'S BANKRUPTCY FILING**

On May 7, 2004, Plaintiff filed this Fair Labor Standards Act ("FLSA") claim against Defendants. On February 4, 2005, Plaintiff filed a Voluntary Petition in Bankruptcy. The Petition required that Plaintiff verify under penalty of perjury the accuracy of the information contained in the Petition. A true and correct copy of the Petition is attached to this Response as Exhibit A.

Despite the obligation of full disclosure under penalty of perjury, Plaintiff did not list this pending action in either his Statement of Financial Affairs or his Schedule of Assets. Defendants do not seek to admit evidence of the bankruptcy as substantive evidence in the case. Nor do they seek to introduce evidence that any judgment in favor of the Plaintiff is subject to the bankruptcy estate. Rather, Defendants seek to cross-examine Plaintiff about his failure to disclose the pendency of this action in his Bankruptcy Petition. Plaintiff's non-disclosure of this action, although such disclosure was required in two different locations on the Petition, is relevant to his character for truthfulness pursuant to Federal Rule of Evidence 608(b). "Under Rule 608(b), specific instances of conduct used to attack a witness' character may be inquired into on cross-examination if probative of truthfulness or untruthfulness."

United States of America v. Redditt, 381 F. 3d 597 (7th Cir. 2004). Also, Young, et. al. v. Green Management, Inc., 327 F.3d 616, 626-627 (7th Cir. 2003). This is particularly true here because the evidence of non-disclosure is evidence of the Plaintiff's willingness to lie under oath.

In Simmons, Inc. v. Pinkerton's, Inc., 762 F.2d 591 (7th Cir. 1985), the plaintiff was allowed to introduce evidence of a security guard's false statement about having submitted to a lie detector test despite the general prohibition on exclusion of polygraph evidence. The court held that the inquiry was covered by Federal Rule of Evidence 608(b), and that it was relevant evidence of the security guard's character for truthfulness. Similarly, in the instant case, Plaintiff's willingness to withhold information from the Bankruptcy Court regarding the pendency of the instant litigation is relevant evidence of his character for truthfulness and Defendants should be entitled to cross-examine him in this regard. If Plaintiff believes that the filing of a bankruptcy itself is prejudicial, and the court is inclined to agree, the examination can proceed with reference to "another proceeding" rather than with reference to the specific bankruptcy case filed by Plaintiff.

For all the foregoing reasons, Plaintiff's Motion in Limine should be denied.

/s/ Mary Louise Kandyba
ATTORNEY FOR DEFENDANT

Mary Louise Kandyba
Daley & Mohan, P.C.
150 N. Wacker Drive, Ste. 1550
Chicago, IL  60606
(312) 422-9999

## **CERTIFICATE OF SERVICE**

 Mary Louise Kandyba, STATES THAT SHE IS THE ATTORNEY FOR DEFENDANTS in the foregoing cause and that she served the foregoing RESPONSE TO MOTION IN LIMINE on the Plaintiff by electronic filing and electronic service thereof on the ATTORNEYS FOR PLAINTIFF:

Ronald B. Schwartz
Elizabeth A. Pawlicki
Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C.
77 W Washington St., 20th Floor
Chicago, IL  60602
312-263-6330

                /s/ Mary Louise Kandyba

Mary Louise Kandyba
Daley & Mohan, P.C.
150 N. Wacker Drive, Ste. 1550
Chicago, IL  60606
(312) 422-9999