IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONE JARRETT, | ) |
|           Plaintiff, | ) ) ) |
| v. | )   No. 04 C 3279 |
| MCDOWELL TRUCKING, INC., et al., | ) ) ) |
|           Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 21, 2006 this Court approved and entered the final pretrial order ("FPTO") that had been jointly submitted by counsel for plaintiff Antone Jarrett ("Jarrett") and defendants McDowell Trucking, Inc. ("McDowell") and Ronald Bulanda ("Bulanda"). FPTO ¶(2)(i) set out a brief summary of the parties' respective motions in limine, and contemporaneously with issuance of the FPTO this Court established a timetable for filing responses to those motions.

Those responses are now in hand, and due to the skeletal nature of the initial summaries some motions can and others cannot be ruled on definitively at this time. What follows either rules on or explains the posture of the several motions.

### Jarrett Motions in Limine[1]

Jarrett first seeks a jury instruction as to the McDowell-Bulanda alteration of the McDowell premises by a November or

---

[1] Because the Jarrett motions were set out in the FPTO and not separately supplemented, none carries a docket number.

December 2004 remodeling. By way of background, Jarrett's counsel had tendered a request to inspect the premises back on September 18, 2004, only to be met with a September 29 letter objecting to that request on grounds of relevance, followed by a formal response on November 3 asserting the same position. When that issue was raised again during a September 2005 status hearing before this Court, defense counsel stated that she would withdraw the objection--as the current response says, that was assertedly "in an effort to avoid the expense of litigating the relevancy issue."

Whatever the legitimacy (or lack of it) of that assertion, there is no question that Jarrett has been disadvantaged by the remodeling. As the McDowell-Bulanda Response at 2-3 acknowledges:

> At the time of the altercation between Plaintiff and the Chicago Police officers investigating the McDowell burglary, the premises had a small outer office with an open area that would have allowed a person in the office to see what was going on in the dock area. The remodeled premises eliminated that view. There are no drawings, blueprints, or photos that show the area as it looked before the remodeling took place. As a result of the remodeling, Plaintiff elected to withdraw his request for a site inspection and pursue this "missing evidence" instruction instead.
>
> During a subsequent Rule 37 conference over this issue, Plaintiff's counsel represented that the relevance of the request for an inspection was to show that Ron Bulanda could not have observed the altercation between Plaintiff and the Chicago Police officers and therefore the altercation could not have been the basis for the Plaintiff's termination.

2

If then the issue turns out to be thus relevant as the case evolves at trial, this Court would expect to grant the motion in limine--hence that ruling is deferred until trial.

Next Jarrett seeks to bar evidence that earlier versions of the Complaint in this action (currently it is the Second Amended Complaint ("SAC") on which the parties have joined issue)(1) had also named Michael and Scott Bulanda as defendants and (2) had also made charges that the Chicago Police had "battered Plaintiff, detained him for two hours, and interrogated him, before releasing him" as a result of information given by defendants that Jarrett "had information about an alleged break-in at Defendant, McDowell Trucking's, facility." Those allegations were dropped in the SAC because of what Jarrett's counsel characterized as "[i]nformation gathered in discovery."

It is of course true, as defense counsel asserts, that prior pleadings in an action may be admissible as evidentiary admissions (even though every professional knows that the content of pleadings is typically lawyer-generated, and that is particularly so as to decisions about whom to join as potentially liable defendants). But potentially admissible evidence, including party admissions, must first satisfy the general conditions of evidentiary admissibility--including relevance.

In this instance the challenged matters are sought to be introduced by McDowell-Bulanda to attack Jarrett's credibility--a

3

sort of falsus in uno, falsus in omnibus approach. As for the initial joinder and later dropping of Michael and Scott Bulanda as individuals, based on whether they did or did not qualify as "employers" within the meaning of Fair Labor Standards Act ¶3(d), that really fails the test of admissibility under Fed. R. Evid. ("Evid. R.") 404(b)--or if such is not the case, any probative force that the earlier versions might have (a dubious matter, for that legal characterization had to reflect a lawyer's evaluation and not that of Jarrett himself), is flatly overridden as a matter of Evid. R. 403 balancing. And as for any proposed introduction of the dropped claim against the police, its insertion into this action at trial--again with the same goal--also fails the Evid. R. 403 balancing analysis. Hence Jarrett's motion is granted.

Jarrett's third motion in limine seeks to bar any evidence as to his bankruptcy filing. On that score defense counsel seeks to rely on the fact that Jarrett's February 4, 2005 filing of a Voluntary Petition in Bankruptcy did not refer to the pendency of this action (which had been brought on May 7, 2004), this time seeking to raise the issue under Evid. R. 608(b) as an adverse reflection on his character for truthfulness. Defense counsel has attached as an exhibit Jarrett's Voluntary Petition (Jarrett was not represented by a lawyer, having turned instead to the services of "We The People of Evergreen Park"--apparently a

4

subsidiary or affiliate of "We The People USA" of Woodbury, New Jersey--at a cost of $214 (that payment to the nonlawyer "bankruptcy petition preparer" comprised $199 for preparing and typing the petition plus $15 for a copy).

This Court assumes that defense counsel did not depose Donald Karel ("Karel"), the nonlawyer preparer with the "We The People" organization who did the work. It is true that Jarrett signed the Voluntary Petition under penalty of perjury, but the question and answer procedure normally employed by preparers of straight Chapter 7 bankruptcy documents in the brief time indicated by Karel's charged fee would seem unlikely to have prompted Jarrett to refer to this action in response to Karel's inquiries as to the laundry list of 33 types of property in Schedule B.

In this instance defense counsel has not only failed to indicate that preparer Karel was deposed but has also failed to refer to any portion of Jarrett's deposition that bore on this issue. In the absence of further input on the subject, Jarrett's motion in limine is granted.

Jarrett's fifth motion seeks to bar trial testimony by McDowell's accountant Kenneth Grail. In that respect defense counsel properly asserts that the motion can better be dealt with in the context of trial, particularly given a related motion in limine filed by McDowell-Bulanda. Accordingly ruling on this

motion is deferred until trial.

Jarrett finally seeks to bar any evidence of his receipt of unemployment compensation benefits, an assertion supported in the FPTO by caselaw citations. Although defense counsel has no objection to that motion as such, she asserts the intention to bring in evidence regarding statements that Jarrett made to the unemployment compensation authorities as assertedly negating his current claim. That calls for a reply by Jarrett's counsel, to be submitted on or before April 17, 2006.

### McDowell-Bulanda Motions in Limine

In the FPTO the first-stated McDowell-Bulanda motion in limine "seek[s] a ruling on the applicability on the attorney-client privilege to certain questions raised during the deposition of Plaintiff." That has been elaborated on by their later-submitted motion to compel questions that were unanswered during Jarrett's deposition (Dkt. 38), and Jarrett's counsel has now filed an opposition to that motion.

It appears from the parties' submissions that their dispute is less a question of the existence vel non of a privilege than a more fundamental question as to the admissibility of Jarrett's subjective opinion as to the reason he was terminated. In that respect the McDowell-Bulanda motion at [5]-[6][2] says:

---

[2] At the risk of seeming a bit petulant, what can prompt lawyers not to include pagination on their court filings?

6

> The Seventh Circuit has stated that plaintiffs' subjective beliefs in employment discrimination cases cannot, by themselves, create genuine issues of material fact. See Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 401 (7th Cir. 1997). This statement presupposes that evidence of plaintiffs' subjective beliefs is relevant. Therefore, Plaintiff should be compelled to answer Defendants' questions regarding his beliefs as to the reason for his termination by Defendants, and when those beliefs first began, and what led him to change his beliefs about why he was terminated.

That position rests on an obvious nonsequitur. Chiaramonte and the many other cases that preclude a plaintiff's self-evaluation from posing a genuine issue of material fact that can stave off summary judgment are based on the principle that it is the <u>employer's</u> asserted reason for an adverse employment action, together with the honesty of that assertion, that are relevant, <u>not</u> the employee's self-serving perspective. That of course is precisely the opposite of "any presuppos[ition] that evidence of plaintiffs' subjective beliefs is relevant." Indeed, given the nature of employment discrimination claims, in which discovery is pursued for the very purpose of getting at the employer's stated reasons (and, if different, the real reasons) for adverse action, defendants have not made the case for compelling responses at this point. Their motion is denied.

Next McDowell-Bulanda seek to exclude evidence of Jarrett's lack of any prior criminal convictions, explaining that they have no objection to his being allowed to tell the jury that he was not charged with any crime in connection with his February 19,

7

2006 (can this be right?) custodial arrest on McDowell's premises.[3] That exclusion motion is not objected to by Jarrett, so it is granted.

McDowell-Bulanda's third motion (Dkt. 39) seeks "to bar admission of any evidence relating to a handgun that was reportedly taken in the burglary of McDowell's premises." But a comparison of the reasons stated for the motion with plaintiff's response discloses the litigants to be like ships that pass in the night on that subject. What the motion's supporting memorandum reflects is a belief that Jarrett intends the evidence on that subject to show an absence of registration for the handgun, thus placing defendants in a bad light as "lawbreakers." But Jarrett's response disclaims any such intention, and this Court would not permit it in any event for the same type of reason that has been identified earlier as to certain of the McDowell-Bulanda motions. Instead the fact of theft of the handgun--not its registration--will provide relevant background to the police investigation and to their questioning of Jarrett on the subject, all as spelled out in his responsive memorandum. That motion is denied.

McDowell-Bulanda also seek to bar evidence as to "Bulanda's knowledge as to the applicability of the motor carrier exemption prior to Plaintiff's discharge" (Dkt. 40). But that motion too

---

[3] That motion carries no docket number.

is ill-founded, because Bulanda's lack of knowledge about the exemption is certainly probative as to whether Jarrett's termination was or was not in retaliation for his having complained on that score. That motion is also denied.

Finally, McDowell-Bulanda move to exclude any evidence as to whether employees other than Jarrett complained about the failure to receive overtime compensation (it appears that no other employee did so)(Dkt. 41). Here, even though recognizing that Jarrett's claim of a retaliatory discharge based on his complaint must rest on indirect (that is, inferential) proof, the McDowell-Bulanda Motion at [3] misstates the operative standard (emphasis in original):

> In order for Plaintiff to use this evidence as indirect proof of retaliation in the instant case, Plaintiff must not only identify an employee who did not complaint [sic] about overtime, but who also was arrested on Defendants' property for an altercation with police officers and was not subsequently terminated.

But that last "but who" clause assumes the truthfulness of the McDowell-Bulanda position as to their motivation for firing Jarrett--something that is for the jury to resolve. Evidence that Jarrett alone complained and Jarrett alone was fired clearly bears on one element of his retaliation claim. So that motion in limine is denied.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: April 5, 2006